Honorable Judges, I appreciate the opportunity to be heard. David Prude on behalf of the Franzens. I'm here from Long Beach. Yes, Your Honor. Came up with a 1-10 like I did. That's right. I love Long Beach. I want to start off by pointing out that much of what the IRS has focused on in the proceedings in the district court and in their brief in front of this court has been this argument that because there were funds in dispute that this must be just like an interpleader. I want to point out that it's clearly not just like an interpleader. First of all, the statutory language that we have pointed out in our briefs demonstrates that there are clear distinctions in the California statute. When you say the statutory language, you mean the state statutory language? Yes, Your Honor. We're really not governed by state law here. We're governed by federal law, and the question is, is this an interpleader or a nature of an interpleader for purposes of federal law, right? Yes. Well, why isn't it when the entire 234,000 or whatever it is is given into court and the holder says it's not mine, you figure out who it belongs to, why isn't that an interpleader? Well, Your Honor, because under federal law, under 26 U.S.C. 7425 and under the United States Supreme Court decision of United States v. Brosnan, the federal law that applies to the disposition of real property interests, and that's what this really reflects, is a disposition of a real property interest is governed by local law, not federal law. Or, in other words, using the Supreme Court language, federal law, state law is federal law for purposes of those... I'm sorry, why is this a real estate interest? I thought this was a fund. This was money left over from sale of a property. And these are all part of the procedures relative to the disposition of real property. And keep in mind that 7425 gives the IRS a preservation of its lien interest in real property until those state, local laws have run their course and everything has been completed. So in this instance, what happens is that there is a sale of the real property on October 31, 2006. And there is, it's clear from the petition that was filed in the state court that the IRS was given notice of that sale. And the IRS was also, according to the documents filed with the state court and also in front of the district court, given a 120-day right of redemption. This is an interest in real property. If the IRS wanted the real property instead of whatever the sale proceeds were going to be, the IRS had the right, the opportunity under federal law and under state law to claim the property. You could say that's not a good enough deal or for whatever reason the IRS wants that piece of property because of its unique nature. Anything within its power could have redeemed this property. But the IRS showed no interest whatsoever in redeeming the property. They have a lien and they want to get their lien paid for out of the proceeds. Isn't that all that's happening here? No. That's not all that's happening. The other thing that's happening is that the lien interest is being divested. And it's being divested through the completion of these state court procedures under state law. But either way, the IRS lien was indeed first in time and first in right, was it not, under any theory? Yes, Your Honor. May I comment on that, though? Of course. That is a merits-based inquiry. And my position is you cannot skip ahead of the jurisdictional issue to get to a merit-based inquiry. And as we have pointed out, the IRS made some procedural mistakes here. Although it did give notice to the trustee that it made a claim. And that notice is quite clear. It filed it on – I mean, it sent it on January 4, 2007 to the attorneys for the trustee, A, indicating we know about how this property is being disposed of. But isn't USC 2410 a trump on all of this? I contend, Your Honor, that 26 U.S.C. 7425 is a trump on all this. And when you look at the decision of the United States Supreme Court in United States v. Brosnan, that was a 1960 decision by the United States Supreme Court. And in that instance, the court was very clear that when you have state law procedures for the disposition of real property interests, because the money doesn't get distributed until the liens have been completely resolved. So, for instance, there's a sale under 7425. If proper notice had not been given under state law, the IRS would have the right to maintain its lien against the real property, regardless of who owned the property. So it's not – it's not as simple as saying, well, there was a pot of money available at the time of the sale. There had to be some proceeding to assure that the real property interests, the liens, were divested and that the new owner could move on and not have a federal lien interfering with their right of ownership. And the case of United States v. Brosnan, again, I think is very instructive on this point. And it indicates that although the federal government has put into place some rules regarding, for instance, unlike what the IRS has been saying in its brief, the IRS has to give notice of lien. The federal law requires that it give notice of lien. And under state law, the IRS had to record the lien. Brosnan acknowledges that those procedures are imposed by the federal government, but that once you get into that, up to that point, because of the distinctions between property law from state to state, the federal law has to respect the state laws for resolution of those property interests. I'm sorry. I'm having trouble following. Why is this a simple case of... I mean, sort of the way I see it is that the trustee sells a property, which is real property, and at that point he has a bundle of cash left over. I mean, he pays off the first lien, and then he's got a bunch of stuff left... He's got a cash left over. And to my mind, as I see it, that's not real property at all. That's cash at that point. It's held in trust. You can't record it. You can't do any of the stuff that you would do with a real property. It's a question of cash and who gets the money. And so he says, okay, come and get it. And a bunch of people come and get it. That's more than the total. Their claims are more than the total amount of cash he has. And he throws up his hands and says, look, I don't want to sort this out. People have different priorities. I don't know who's first. I'm going to go into court and let the court take care of it. So at that point he takes the cash, not the property, not any remaining interest in property, because that's been distinguished with the sale of the property, the real estate, the real estate aspect of it has been distinguished. He takes the bundle of cash into the state court and says, okay, I'm paying it over to the state court and let the state court figure out who is entitled to this cash. So I don't quite see why that's not an interpreter, what that has to do with real property. Well, because at that moment in time it cannot be resolved that all we're talking about is cash. Why is that? Because, for instance, we know that there are eight lien claimants in this case. So if only seven of them had been given any notice of this, and the eighth one was the IRS, and the IRS was not given any notice of this, once you get into the state court proceedings relative to the distribution of those funds, there is still an issue of the federal right against the real property. That is underlying all of it. So taking, I mean, following your... Even after it's sold? Yes. That's what 7425 says. 7425 says that the lien continues to hold its existence after the sale unless certain requirements are met. And those requirements under 7425 are dictated by state law. So 7425 says, look, the IRS is going to maintain its lien rights against real property in perpetuity until there has been a procedure under state law that conforms with the federal statute, 7425, and that the minimum requirements of that statute are that the IRS was given notice of the fact that the state has a right to claim proceeds from that sale. So it's not, it is not just a pile of money. It cannot be. And the reason why it cannot be is that there has to be some process by which those liens are finally concluded. That is why the state law has to be allowed to run its course. And in this instance, the IRS actually indicated a willingness to allow state law to run its course because when it received notice of the sale, its response was to submit a claim. That's clear. There's no dispute on that. Well, if there is, I'll point out the points in the record. What else could they have done other than submit a claim?  What else could they have done other than submit a claim? At that point, there was still a piece of land around, right? At the point that they submitted the claim. At the point that they submitted the claim, the sale had occurred with a caveat because the documents from the trustee demonstrate that the IRS was given a right to 120 days redemption. So if it wanted basically to cancel the sale, it could have done that within that period of time. It or any other lien could have done it. No. It. The IRS. Just it. Based upon its rights under federal law and state law. So when the IRS makes its claim, it's making its claim not as part of any federal structure other than 7425. It is making its claim in response to the state laws relative to, okay, you have a sale. We know the federal government is involved. We're going to give them notice of the fact that the sale has occurred. And they, among other people, submit claims. Because the Fransen disputed the priority of the claims, the next step in the state process is for there to be a petition for resolution of the disputed claims. So that is when we get into the point in time where it's a deposit. But although it's a deposit, it still is connected with real property. It's still part of the local laws governing the divestiture of federal liens. Okay. We'll hear from the government. Thank you. Good morning, Your Honors. John Schuman of the United States. May it please the Court. This case was properly removed from federal court, and the district court properly decided that the federal tax liens at issue in this case had priority over the Fransen's judgment lien. Now, starting first with the removal, the government's removal was proper and timely. The petition filed in state court by quality loan was, in substance, an interpleader. It named the IRS as one of the claimants to the fund, the surplus funds left over after the nonjudicial sale. I take it you're relying on Hussain? Yes, Your Honor. We believe that Fitzgerald was. Where does Brosnan fit in? I have trouble understanding counsel's argument about Brosnan. Well, Brosnan was decided in 1960, and that predates the current version of Internal Revenue Code 7425. And Brosnan is often stated for the proposition that state law determines the priority of federal tax liens if Congress has not filled the field. And at that point, Congress had not legislated to the extent that it has now. In particular, at that point, 1960, Congress had not enacted any notification requirements. That is, that the IRS had to be notified prior to a nonjudicial sale. However, now under 7425, Congress has entered the field, as this Court recognized in the Orme decision, which the parties have also cited. And now what triggers the application of state law is where the IRS is notified prior to the sale. And I have to point out that the IRS was not notified prior to the sale in this case. Under 7425, they would have had to have been notified at least 25 days prior to the sale in order for local law to kick in. And here it was not done so. There may have been notification after the sale. The record is silent on that, although there is a notice from the IRS to quality loan, as counsel pointed out. Well, now, does the IRS general appearance sort of moot all of that? The general appearance, Your Honor? Well, after the notice. Oh, after the notice. After the petition was filed in state court here, the IRS did file a claim for the funds. Now, that doesn't negate the requirement that sovereign immunity be waived, and so 2410 would still apply. And that still does not suffice to substitute for the pre-sale notice that's required under 7425. And as counsel also pointed out, the pre-sale notice doesn't have to be given, but if it's not given, then the federal name does subside, it continues, and it's not affected in its priority. And the waiver of sovereign immunity here in 2410 waives immunity for the federal government. So the United States continued to have an interest in the real property, even after the sale, because they didn't get the pre-sale notice? Yes, Your Honor, and in the funds. So does that support counsel's argument that this was really not an interpleader? It was because it didn't concern the real property? Because depending on how this was resolved, it might or might not impair the title to the piece of property. Well, it was an interpleader, certainly as to the surplus funds, which were at stake at that point. As to the real property, the government was no longer seeking to foreclose its lien on the property. It's the real property itself, but at this point was concerned with the surplus funds. And as far as the funds were concerned. Well, you said not seeking to. It was a title to it, right? If it shows there wasn't enough money, you know, it could have continued to have a lien on the property, right? That is correct, Your Honor. In fact, the. So the argument is that this is really not an interpleader at all, because it didn't just concern money. It concerned money and title to real property. Well, in the nature in which this arose, I would beg to differ, because under the California statute 2924J, it's a special kind of interpleader that's not called an interpleader, admittedly, under California law. But it is an interpleader in the fact that it is brought in order to have the court decide who has the right to the distribution of the surplus funds. And because at that point the IRS was making a claim on those funds that the action was an interpleader as far as the funds were concerned. And so that would be enough to waive sovereign immunity under 2410, which is not limited to real estate disputes. Well, let me ask you this. Let's say we hold in favor of the Frances in this case and they get the money. Would the United States continue to have a lien on the piece of property out there? Yes, Your Honor. It would. I guess it would depend on the grounds for the court's ruling here. But if the court were to rule that the United States had, for example, not properly removed the case to federal court, that if it would be remanded back to state court, I guess the state court would get the first crack at deciding priority to the funds. Your question is to the real estate. The question is, is the real estate of the picture completely at this point? Or is it the people who own the real estate still have a clout on its title that is going to continue until the IRS gets paid off in full? It would be the latter. There could be a clout on the title because there was not this pre-sale notice. And we're not even sure whether or not – or maybe you are sure. At least I don't have it on my mind. Does the amount of money claimed by the IRS get satisfied by the fund here? No, I believe the tax debt exceeds the amount of the surplus funds. And in any event, we're sharing it with the California state government. We also have liens at issue here. So, in fact, the United States could still go after that piece of property? Well, the taxpayers in this case would still owe the funds. The question is to whether the – well, the government couldn't foreclose on the property if it were titled in the purchasers. The federal tax lien would attach to any property that the taxpayers had or have in the present. Didn't Mr. Pruitt concede in answer to a question of mine that the IRS is still first in time? Yes. So even if we sent it back, the state court would still have to give the IRS priority? Is that your argument? Yes, Your Honor. It would. And the appellants here have suggested that the state court could reverse the priorities based on something in state law, but they've never actually pointed to what that state law is. In fact, the state statute in question here, 2924J, doesn't say that by filing a claim more than 30 days after the notice goes out in state court, you lose your priority. It doesn't say that at all. In fact, it says that the state court must consider all the claims that are presented up to and including 15 days prior to the state court hearing. Now, we never got to the state court hearing, of course, because the case was removed, but the government has already filed its claims. So, yeah, it's quite possible we could prevail in state court, If the Court has no further questions, we'll address your matters. Okay. Thank you. Thank you. We are out of your time, Mr. Pruitt. We'll give you a minute for rebuttal. Okay. Do you have an answer to the question about what would happen if you went back to state court? Well, I can answer the very specific question as to what the priority was in time. Now, they failed to preserve their rights in state court, i.e., when they were given notice of the petition, they failed to make a timely response. They were in default. And that is a matter for state court resolution as to what the significance of that would be. Now, in terms of the original question was, did the original liens have priority? And the answer was yes. Does that priority still exist today? The answer is, in my view, no. And if there's any doubt on whether or not that answer is yes or no, that is not a question to be resolved by this court or the district court. That's to be resolved by a state court judge. In terms of Hussain, I want to make it very abundantly clear that that case had to do with insurance proceeds, period, end. It had nothing to do with any real property interests whatsoever. In terms of the predating 7425, counsel talked about how Brosnan predates 7425. Well, let's be accurate here. Brosnan prompted 7425. So, you know, in terms of predating, well, yeah, because that's the reason why it got enacted. In terms of the presale notice, I just want to make sure the court's clear on this, that, you know, the IRS did not make this argument at any time prior to this appeal. It didn't make an argument in front of the district court judge that there had been any issue about notice of sale. In fact, when it served something to the trustee, it didn't object to, it didn't say that there was no notice. And as far as the record shows, we simply don't know whether or not there was or was not a presale notice. For counsel to assert that there was not notice, unfortunately, is a misrepresentation of the record, because the record doesn't answer that question. And in terms of, you know, the whole way that the IRS has proceeded in this case, it got to a point essentially where it attempted to call King's X. It didn't like the way things were going, and therefore it attempted to exert its largesse and brush aside United States Supreme Court precedent, brush aside the California statutes that were enacted pursuant to Brosnan in 7425, and simply bully its way to its destination. Thank you very much. Thank you, Your Honor. The case is solved. You will stand some minutes. We are adjourned. Any other? No lines. The court for this session stands adjourned.
judges: Kozinski, O'scannlain, Gould